# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DERRICK N. JOHNSON** | **CIVIL ACTION** |
| **VERSUS** | **NO.  14-1645** |
| **BURL CAIN, WARDEN** | **SECTION "C"(2)** |

# <u>REPORT AND RECOMMENDATION</u>

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing, if necessary, and to submit proposed findings and recommendations for disposition pursuant to 28 U.S.C. §§ 636(b)(1)(B) and (C) and, as applicable, Rule 8(b) of the Rules Governing Section 2254 Cases.  Upon review of the entire record, I have determined that a federal evidentiary hearing is unnecessary.  <u>See</u> 28 U.S.C. § 2254(e)(2).[1]  For the following reasons, I recommend that the instant petition for habeas corpus relief be **DISMISSED WITH PREJUDICE** as time-barred.

---

[1]Under 28 U.S.C. § 2254(e)(2), whether to hold an evidentiary hearing is a statutorily mandated determination.  Section 2254(e)(2) authorizes the district court to hold an evidentiary hearing only when the petitioner has shown either that the claim relies on a new, retroactive rule of constitutional law that was previously unavailable, 28 U.S.C. § 2254(e)(2)(A)(i), or the claim relies on a factual basis that could not have been previously discovered by exercise of due diligence, 28 U.S.C. § 2254(e)(2)(A)(ii); and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner. 28 U.S.C. § 2254(e)(2)(B).

I.    FACTUAL AND PROCEDURAL BACKGROUND

The petitioner, Derrick N. Johnson, is incarcerated in the Louisiana State Penitentiary in Angola, Louisiana.[2]  On September 14, 2006, Johnson was indicted for second degree murder by a Terrebonne Parish grand jury.[3]  The Louisiana First Circuit Court of Appeal summarized the facts determined at trial as follows:

> Shortly after 5:00 a.m. on June 16, 2006, Mitchell Hubbard (the victim) drove up to Pel's Motel (also known as "the Bricks") on Lafayette Street in Houma.  The victim was observed exiting his four-door white Mitsubishi and throwing several objects toward the Bricks, just prior to being fatally shot in the head.[4]
>
> After being shot, the victim fell face-down on Lafayette Street. Because Pel's Motel was located approximately a block away from the Houma Police Department, several officers arrived within minutes of the incident and began taking statements from people in the area.  During the ensuing investigation, the police initially arrested Jerome "Butter" Williams, who was seen in the vicinity at the time of the shooting. However, shortly after the arrest of Williams, Donna Robinson approached Detective Dana Coleman of the Houma Police Department and identified defendant as the person responsible for the victim's death.  Robinson indicated she was in fear of her life.  However, at trial, Robinson testified that she did not see the shooter.
>
> The investigation into Robinson's statement revealed certain actions on the part of defendant's siblings and Vanessa Walker (defendant's brother's girlfriend) that included disposing of a revolver and assisting defendant in leaving Houma and travelling (sic) to Houston, Texas. The murder weapon was never recovered, despite Nathan Johnson's (another

---

[2]Rec. Doc. No. 9.

[3]St. Rec. Vol. 1 of 5, Indictment, 9/14/06.

[4]"FN.1  The victim had acquired a reputation for frequenting the Bricks in search of drugs. The victim was also known as the "pull off man" because of his tendency to drive away with drugs before paying for his purchase."

> brother of defendant) admission that he threw a black revolver, which Vanessa Walker and Elvena Johnson (defendant's sister) suspected defendant used in the shooting, into the canal under the Prospect Street Bridge.

(footnote in original) State v. Johnson, 993 So.2d 373 (La. App. 1st Cir. 2008) (Table); State v. Johnson, No. 2008-KA-0500, 2008 WL 4287572, at *1 (La. App. 1st Cir. Sep. 19, 2008); State Record Volume 1 of 5, Louisiana First Circuit Opinion, 2008-KA-0500, pp. 2-3, September 19, 2008.

Johnson was tried before a jury on August 20 through 23, 2007, and was found guilty as charged.[5]  The state trial court denied Johnson's motions for new trial and for post-conviction judgment of acquittal on September 14, 2007.[6] After waiver of sentencing delays, the court sentenced Johnson that day to life in prison at hard labor without benefit of parole, probation or suspension of sentence.[7] The court denied Johnson's motion to reconsider the mandatory sentence.[8]

---

[5]St. Rec. Vol. 3 of 5, Trial Minutes, 8/20/07; Trial Minutes, 8/21/07; Trial Minutes, 8/22/07; Trial Minutes, 8/23/07; Trial Transcript, 8/21/07; Trial Transcript, 8/22/07; Trial Transcript, 8/23/07.

[6]St. Rec. Vol. 3 of 5, Minute Entry, 9/14/07; St. Rec. Vol. 1 of 5, Motion for New Trial, 9/12/07; Motion for Post-Verdict Judgment of Acquittal, 9/12/07.

[7]St. Rec. Vol. 3 of 5, Minute Entry, 9/14/07; Sentencing Transcript, 9/14/07.

[8]St. Rec. Vol. 3 of 5, Minute Entry, 9/14/07; Motion to Reconsider Sentence, 9/14/07; Trial Court Order, 9/14/07.

3

On appeal to the Louisiana First Circuit Court of Appeal, Johnson's appointed counsel asserted the following errors:[9] (1) His conviction by non-unanimous verdict violated the federal and state constitutions. (2) The trial court erred in allowing the State to argue and introduce testimony over defense objections that Johnson's brother instructed him on how to commit a murder.  The Louisiana First Circuit affirmed the conviction and sentence on September 19, 2008.[10]

Johnson's conviction became final thirty (30) days later, on Monday, October 20, 2008,[11] when he did not seek rehearing or timely file for review in the Louisiana Supreme Court.[12]  Butler v. Cain, 533 F.3d 314 (5th Cir. 2008) (citing Roberts v. Cockrell, 319 F.3d 690, 694-95 (5th Cir. 2003) (an appeal is final when the state defendant does not timely proceed to the next available step in an appeal process)).

---

[9]St. Rec. Vol. 1 of 5, Appeal Brief, 08-KA-0500, 4/11/08.

[10]Johnson, 993 So.2d at 373; Johnson, 2008 WL 4287572, at *1; St. Rec. Vol. 1 of 5, 1st Cir. Opinion, 2008-KA-0500, 9/19/08.

[11]The thirtieth day fell on Sunday, October 19, 2008, leaving the final day to fall on the next business day.  Fed. R. Civ. P. 6(a)(1)(C); La. Code Crim. P. art. 13.

[12]I note that in a later order, the Louisiana First Circuit indicated that Johnson's "conviction was final on October 3, 2008" which was only fourteen (14) days after its ruling on direct appeal.  La. Code Crim. P. art. 922(B) provides that a criminal judgment becomes final when the fourteen (14) day delay for applying for a rehearing expires after issuance of the appellate court's opinion.  However, La. S. Ct. Rule X §5 allows thirty (30) days to file for timely review in the Louisiana Supreme Court. Affording Johnson every benefit, I will count the longest period in determining finality in accordance with federal habeas law cited above.

Thereafter, the writ application to the Louisiana Supreme Court filed by Johnson's counsel on November 7, 2008, was "[n]ot considered" by the court because it was "[n]ot timely filed."[13]  The separate writ application untimely[14] submitted by Johnson on his own behalf on October 22, 2008, also was denied by the Louisiana Supreme Court without stated reasons on August 18, 2010.[15]

In the meantime, in April 2010, Johnson sought mandamus relief from the Louisiana First Circuit alleging that he submitted an application for post-conviction relief on September 8, 2009, and two supplements to the state trial court in 2010 and had not received a ruling from the state trial court.[16]  The Louisiana First Circuit rejected his contention that an application had been filed in the state trial court in September of 2009, finding that his mail log evidence reflected only that a document was mailed at that time to the district attorney and not to the state trial court.[17]  The court therefore denied his

---

[13]State v. Johnson, 9 So.3d 132 (La. 2009); St. Rec. Vol. 1 of 5, La. S. Ct. Order, 2008-K-2656, 5/22/09; La. S. Ct. Letter, 2008-K-2656, 11/12/08 (showing postmark 11/7/08).

[14]La. S. Ct. Rule X §5 allows thirty (30) days to file for review in the Louisiana Supreme Court. Johnson dated his signature on this pleading on October 22, 2008, which is the earliest date he could have given it to prison officials for mailing and was beyond that thirty-day window which expired on Monday, October 20, 2008.

[15]State ex rel. Johnson v. State, 41 So.3d 387 (La. 2010); St. Rec. Vol. 1 of 5, La. S. Ct. Order, 2008-KH-2660, 8/18/10; La. S. Ct. Letter, 2008-KH-2660, 11/13/08 (showing postal meter 10/23/08).

[16]St. Rec. Vol. 1 of 5, 1st Cir. Writ Application, 2010-KW-0837, 5/4/10 (dated 4/28/10).  The record does not include a copy of the writ application filed in 2010-KW-0510.

[17]St. Rec. Vol. 1 of 5, 1st Cir. Order, 2010-KW-0510, 4/12/10; 1st Cir. Order, 2010-KW-1509, 9/27/10.

mandamus request and instructed him to file any application for post-conviction relief in the trial court if he wanted his claims reviewed.

Thereafter, on October 14, 2010, Johnson filed an application for post-conviction relief in the state trial court in which he asserted the following grounds for relief:[18] (1) He received ineffective assistance of counsel when counsel failed to investigate and interview or call witnesses, failed to prove self-defense, and offered an unreasonable theory of defense. (2) Trial counsel was ineffective when he failed to file a motion for post-verdict judgment of acquittal based on the evidence proving manslaughter. (3) He was denied the right to testify on his own behalf. (4) The prosecutor constructively denied him the right to cross-examine witnesses. (5) The prosecutor made improper remarks during trial, including opening statements and closing arguments. (6) Counsel failed to raise any hearsay objections. (7) The trial court erred in allowing the State to introduce other crimes evidence. (8) The trial court erred in denying the motion for new trial.  The state trial court ordered and received additional briefing from the State and Johnson during the next two years.[19]

---

[18]St. Rec. Vol. 1 of 5, Application for Post-Conviction Relief, 10/14/10; Supplement to Post-Conviction Application, 10/14/10; Supplemental Application, 10/14/10.

[19]St. Rec. Vol. 2 of 5, State's Response, 11/29/10; Petitioner's Reply, 3/21/11; Supplemental Argument, 1/7/12; Trial Court Order, 3/8/12; Motion for New Trial, 1/7/12; Trial Court Order, 3/6/12; Motion for Post-Verdict Judgment of Acquittal, 1/7/12; Trial Court Order (2), 3/6/12; St. Rec. Vol. 3 of 5, Hearing Transcript, 2/7/12; Hearing Minutes, 2/7/12.

On October 1, 2012, Johnson added another supplemental claim arguing that the state trial court erred in failing to modify the jury's verdict to manslaughter.[20]  Further briefing followed from the State, Johnson and Johnson's counsel.[21]  The state trial court held an evidentiary hearing on March 20, 2013, at which Johnson was represented by counsel.[22]  On April 20, 2013, the state trial court issued a lengthy[23] reasoned judgment denying each of Johnson's claims as meritless.

The Louisiana First Circuit denied Johnson's writ application on September 9, 2013, finding that his application for post-conviction relief was untimely filed in the state trial court.[24]  The Louisiana Supreme Court also denied Johnson's related writ application as untimely on May 23, 2014, citing La. Code Crim. P. art. 930.8, State ex rel. Glover v. State, 660 So. 2d 1189 (La. 1995), and State ex rel. Hall v. State, 871 So.2d 1071 (La. 1999).[25]

---

[20]St. Rec. Vol. 2 of 5, Supplemental Memorandum, 10/1/12 (dated 9/25/12).

[21]St. Rec. Vol. 2 of 5, State's Response, 11/5/12; Traverse, 11/28/12; Summary of Arguments, 3/13/13; St. Rec. Vol. 3 of 5, Hearing Minutes, 11/7/12.

[22]St. Rec. Vol. 3 of 5, Hearing Minutes, 3/20/13; Hearing Transcript, 3/20/13.

[23]St. Rec. Vol. 4 of 5, Trial Court Judgment, 4/20/13; Reasons for Judgment, 4/20/13.

[24]St. Rec. Vol. 4 of 5, 1st Cir. Order, 2013-KW-1006, 9/9/13; 1st Cir. Writ Application, 2013-KW-1006, 6/12/13 (dated 5/21/13).

[25]State ex rel. Moran v. State, 130 So. 3d 943 (La. 2014); St. Rec. Vol. 3 of 3, La. S. Ct. Order, 2013-KH-1614, 1/17/14; La. S. Ct. Writ Application, 13-KH-1614, 7/9/13.  In Glover, the Louisiana Supreme Court held that an appellate court can deny post-conviction relief as untimely under La. Code Crim. P. art. 930.8, even if the lower court addressed the merits or did not consider timeliness.  In Hall, the Louisiana Supreme Court clarified that a conviction becomes final under Louisiana law when a

II.    FEDERAL HABEAS PETITION

On June 26, 2014, the clerk of the United States District Court for the Middle District of Louisiana filed Johnson's petition for federal habeas corpus relief on June 26, 2014.[26]  Upon its transfer to this court and after correction of certain filing deficiencies, Johnson's petition appears to raise the following grounds for relief:[27] (1) His constitutional rights were violated when he was convicted by a non-unanimous jury verdict. (2) The trial court erred in allowing the State to argue and adduce testimony over defense objections that Johnson's brother instructed him on how to commit a murder. (3) Counsel was ineffective when he failed to investigate and interview or call witnesses. (4) Counsel was ineffective where he failed to prove self-defense. (5) Counsel was ineffective when he offered an unreasonable theory of defense. (6) Counsel was ineffective when he failed to file a motion for post-verdict judgment of acquittal based on the evidence proving manslaughter. (7) Counsel failed to raise any hearsay objections. (8) Counsel denied him the right to testify on his own behalf. (9) The prosecutor constructively denied him the right to cross-examine witnesses. (10) The prosecutor made improper remarks during trial, including opening statements and closing

_____

defendant does not seek timely review in that court from the court of appeal's decision on direct appeal. Hall, 871 So.2d at 1071 (citing La. Code Crim. P. art. 922(B) and and La. S. Ct. R. X§5(a)).

[26]Rec. Doc. No. 1.

[27]Rec. Doc. No. 9.

arguments. (11) The state trial court erred in allowing the State to introduce other crimes evidence. (12) The state trial court erred in denying the motion for new trial. (13) The state trial court erred in failing to modify the verdict to manslaughter.

In his amended petition, Johnson asserted four additional arguments:[28] (1) The state court of appeal erred in finding his application for post-conviction relief to be untimely filed. (2) He exercised due diligence in pursuing his rights pro se. (3) The appellate court was barred from finding the application untimely where the state trial court ruled on the merits and the state did not raise timeliness. (4) The case should be remanded to the state court of appeal for review of the merits of his claim.

The State filed a response in opposition to Johnson's petition arguing that the petition should be dismissed as untimely filed.[29]

In his reply, Johnson argues that his direct appeal was not final until August 18, 2010, when his Louisiana Supreme Court post-appeal writ application was denied by the Louisiana Supreme Court, which, he argues, renders his application for post-conviction relief and his federal petition timely filed.[30]

---

[28]Rec. Doc. No. 10.

[29]Rec. Doc. No. 16.

[30]Rec. Doc. No. 17.

III.   GENERAL STANDARDS OF REVIEW

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214, comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254.  The AEDPA went into effect on April 24, 1996[31] and applies to habeas petitions filed after that date.  Flanagan v. Johnson, 154 F.3d 196, 198 (5th Cir. 1998) (citing Lindh v. Murphy, 521 U.S. 320 (1997)).   The AEDPA therefore applies to Johnson's petition, which, for reasons discussed below, is deemed filed in a federal court on June 26, 2014.[32]

The threshold questions in habeas review under the amended statute are whether the petition is timely and whether petitioner's claims were adjudicated on the merits in state court; i.e., the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim.  Nobles v. Johnson, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

---

[31]The AEDPA, which was signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. United States v. Sherrod, 964 F.2d 1501, 1505 (5th Cir. 1992).

[32]The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se.  Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. Coleman v. Johnson, 184 F.3d 398, 401 (5th Cir. 1999), cert. denied, 529 U.S. 1057 (2000); Spotville v. Cain, 149 F.3d 374, 378 (5th Cir. 1998); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995).  The official stamp from the prison's Legal Programs Department reflects that Moran delivered his petition to prison officials on June 26, 2014, the same day it was emailed to the clerk of the Middle District for filing.  Rec. Doc. No. 1, p.1.

The State argues that Johnson's federal petition is not timely filed. The record before this court confirms that Johnson's petition was <u>not</u> timely filed and should be dismissed for that reason.

## IV.    STATUTE OF LIMITATIONS

The AEDPA requires a petitioner to bring his Section 2254 petition in most cases within one year of the date his conviction became final.[33] <u>Duncan v. Walker</u>, 533 U.S. 167, 179-80 (2001). Johnson's conviction became final on October 20, 2008, when neither he nor his counsel timely filed a writ application with the Louisiana Supreme Court after his direct appeal. I reiterate that, pursuant to La. S. Ct. Rule X §5, Johnson had thirty (30) days after the Louisiana First Circuit affirmed his conviction and sentence on September 19, 2008, or until October 20, 2008, to file a timely writ application with

---

[33]The statute of limitations provision of the AEDPA at 28 U.S.C. § 2244(d), provides for other triggers which do not apply here:

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

A.    the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

B.    the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State actions;

C.    the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

D.    the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

the Louisiana Supreme Court.  His counsel-filed writ application filed on November 7, 2008 was dismissed, and was not considered because it was untimely filed.  Johnson's pro se writ application was submitted for filing on October 22, 2008, which also was outside the allowable time period under state law.  Under federal law, these writ applications presented untimely under La. S. Ct. R. X §5 <u>cannot</u> be considered in the finality or limitations calculation.  <u>See</u> <u>Butler v. Cain</u>, 533 F.3d at 317, 319 (La. S. Ct. R. X§5(a) forbids any extension of time); <u>Williams v. Cain</u>, 217 F.3d at 309-11 (same).

Therefore, under a literal application of the statute, Johnson had one year from finality on October 20, 2008, or until October 20, 2009, to file his federal habeas corpus petition, which he did not do.  His petition must be dismissed as untimely, unless the one-year statute of limitations period was interrupted or otherwise tolled in either of the following two ways recognized in the applicable law.

First, the United States Supreme Court has held that the one-year statute of limitations period in Section 2244(d)(1) of the AEDPA may be equitably tolled only when the petitioner has pursued his rights diligently and rare or extraordinary circumstances exist which prevented timely filing.  <u>Pace v. DiGuglielmo</u>, 544 U.S. 408, 418 (2005); <u>Fisher v. Johnson</u>, 174 F.3d 710, 713 (5th Cir. 1999), <u>cert. denied</u>, 531 U.S. 1164 (2001); <u>Cantu-Tzin v. Johnson</u>, 162 F.3d 295, 299 (5th Cir. 1998); <u>Davis v. Johnson</u>, 158 F.3d 806, 810 (5th Cir. 1998), <u>cert. denied</u>, 526 U.S. 1074 (1999).

12

Equitable tolling is warranted <u>only</u> in situations where the petitioner was actively misled or is prevented in some extraordinary way from asserting his rights.  <u>Pace</u>, 544 U.S. at 418-19; <u>Cousin v. Lensing</u>, 310 F.3d 843, 848 (5th Cir. 2002).

Johnson has asserted no reason, and I can find none, that might constitute rare or exceptional circumstances why the one-year statute of limitations period should be considered equitably tolled.  The record does not demonstrate the type of circumstances that might fit the restrictive boundaries of "exceptional circumstances" described in binding precedent.  <u>See</u> <u>Holland</u>, 130 S. Ct. at 2574-75 (equitable tolling was warranted where attorney was more than negligent when he failed to satisfy professional standards of care by ignoring the client's requests timely to file a federal petition and in failing to communicate with the client over a period of years in spite of the client's letters); <u>Hardy v. Quarterman</u>, 577 F.3d 596, 599-600 (5th Cir. 2009) (equitable tolling was warranted where petitioner suffered a significant state-created delay when, for nearly one year, the state appeals court failed in its duty under Texas law to inform him that his state habeas petition had been denied, petitioner diligently pursued federal habeas relief, and he persistently inquired to the court.); <u>United States v. Wynn</u>, 292 F.3d 226 (5th Cir. 2002) (tolling warranted when defendant was deceived by attorney into believing that a timely motion to vacate was filed); <u>Coleman v. Johnson</u>, 184 F.3d 398, 402 (5th Cir. 1999), <u>cert. denied</u>, 529 U.S. 1057 (2000) ("A garden variety claim of excusable neglect does not

13

support equitable tolling."); <u>Fisher</u>, 174 F.3d at 715 (tolling not justified during petitioner's 17-day stay in psychiatric ward, during which he was confined, medicated, separated from his glasses and thus rendered legally blind, and denied meaningful access to the courts); <u>Cantu-Tzin</u>, 162 F.3d at 300 (State's alleged failure to appoint competent habeas counsel did not justify tolling); <u>Davis</u>, 158 F.3d at 808 n.2 (assuming without deciding that equitable tolling was warranted when federal district court three times extended petitioner's deadline to file habeas corpus petition beyond expiration of AEDPA grace period).

In addition to equitable tolling, the AEDPA itself provides for interruption of the one-year limitations period, in stating that "[t]he time during which a <u>properly filed application for State post-conviction or other collateral review</u> with respect to the pertinent judgment or claim is pending <u>shall not be counted</u> toward any period of limitation under this subsection." 28 U.S.C. § 2244(d)(2) (emphasis added). By its plain language, this provision does not create a new, full, one-year term within which a federal habeas petition may be filed at the conclusion of state court post-conviction proceedings. <u>Flanagan</u>, 154 F.3d at 199 n.1. The Supreme Court has clearly described this provision as a tolling statute. <u>Duncan</u>, 533 U.S. at 175-178.

14

The decisions of the Fifth Circuit and other federal courts have held that because this statute is a tolling provision, the time during which state court post-conviction proceedings are pending must merely be subtracted from the one-year limitations period:

> [Section] 2244(d)(2) provides that the period during which a properly filed state habeas application is pending must be excluded when calculating the one[-]year period. Under the plain language of the statute, any time that passed between the time that [petitioner's] conviction became final and the time that his state application for habeas corpus was properly filed must be counted against the one[-]year period of limitation.

Flanagan, 154 F.3d at 199 n.1; accord Brisbane v. Beshears, 161 F.3d 1, 1998 WL 609926 at *1 (4th Cir. Aug. 27, 1998) (Table, Text in Westlaw); Gray v. Waters, 26 F. Supp.2d 771, 771-72 (D. Md. 1998).

For a post-conviction application to be considered "properly filed" within the meaning of Section 2244(d)(2), the applicant must "'conform with a state's applicable procedural filing requirements,'" such as timeliness and location of filing. Pace, 544 U.S. at 414 ("When a postconviction application is untimely under state law, 'that [is] the end of the matter' for purposes of § 2244(d)(2)"); Williams v. Cain, 217 F.3d 303, 306-307 n.4 (5th Cir. 2000) (quoting Villegas v. Johnson, 184 F.3d 467, 469 (5th Cir. 1999)); Smith v. Ward, 209 F.3d 383, 384-85 (5th Cir. 2000). The timeliness consideration in Louisiana, for purposes of the AEDPA, requires application of a prison mailbox rule to state pleadings filed by a prisoner. Causey v. Cain, 450 F.3d 601, 604-05 (5th Cir. 2006).

A matter is "pending" for Section 2244(d)(2) purposes "as long as the ordinary state collateral review process is 'in continuance.'" Carey v. Saffold, 536 U.S. 214, 219-20 (2002); Williams, 217 F.3d at 310 (a matter is "pending" for Section 2244(d)(2) purposes until "'further appellate review [is] unavailable under [Louisiana's] procedures.'")

The phrase "other collateral review" in the statute refers to state court proceedings challenging the pertinent judgment subsequently challenged in the federal habeas petition. Dillworth v. Johnson, 215 F.3d 497, 501 (5th Cir. 2000) (state habeas petition challenging a prior conviction in one county was other collateral review even though filed as a challenge to a second conviction in a different county); Nara v. Frank, No. 99-3364, 2001 WL 995164, at *5 (3rd Cir. Aug. 30, 2001) (motion to withdraw a guilty plea is "other collateral review"). A "pertinent judgment or claim" requires that the state filings for which tolling is sought must have challenged the same conviction being challenged in the federal habeas corpus petition and must have addressed the same substantive claims now being raised in the federal habeas corpus petition. Godfrey v. Dretke, 396 F.3d 681, 686-88 (5th Cir. 2005). Requests for document and transcript copies, like those submitted by this petitioner in the state courts, also are not other collateral review for purposes of the tolling calculation. Osborne v. Boone, 176 F.3d 489, 1999 WL 203523 (10th Cir. Apr. 12, 1999) (Table, Text in Westlaw) (motion for

transcript copies is not "other collateral review" for tolling purposes); Brown v. Cain, 112 F. Supp.2d 585, 587 (E.D. La. 2000), aff'd, 239 F.3d 365 (5th Cir. 2000); Gerrets v. Futrell, No. 01-3080, 2002 WL 63541 (E.D. La. Jan. 16, 2002) (Vance, J.); Jones v. Johnson, No. 01-CV-0115-G, 2001 WL 1006062, at *3 (N.D. Tex. Aug. 13, 2001) (petitioner should file application and then continue to gather transcripts); Grayson v. Grayson, 185 F. Supp.2d 747, 751-52 (E.D. Mich. Jan. 3, 2002) (delay in receipt of transcript not required to file the application, does not warrant equitable tolling).

The one-year AEDPA statute of limitations period began to run in Johnson's case on October 21, 2008, the day after his conviction was final under the AEDPA. The period ran uninterrupted for 365 days, until October 20, 2009, when it expired. Johnson had no properly filed state application for post-conviction relief or other collateral review of any kind pending during that period.

As discussed above, the untimely writ applications to the Louisiana Supreme Court in 2008 did not impact the federal limitations calculation. His pursuit of record document copies also did not constitute state post-conviction or other collateral review to afford him any tolling benefit. In addition, his first application for post-conviction relief was not submitted to the state trial court for filing until almost two years later, October 14, 2010. This application, filed long after expiration of the AEDPA one-year

filing period, provides no tolling benefit under the statute.  See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000).

I emphasize that, although Johnson claimed to have filed an application for post-conviction relief in the state trial court on September 8, 2009, the Louisiana First Court rejected his claim finding no factual support to establish that he had submitted or mailed anything to the state trial court at that time.  His prison mail evidence, also contained in this record, establishes that the September 2009 mailing was addressed to the district attorney and not the state trial court.[34]  He failed in state court and has failed here to prove that any such state court filing was properly made as required under the AEDPA.

Johnson's federal petition is deemed filed in a federal court on June 26, 2014, more than three and one-half years after the AEDPA's one-year statute of limitations expired on October 20, 2009.  Johnson's federal petition was not timely filed and should be dismissed with prejudice for that reason.

## **<u>RECOMMENDATION</u>**

For the foregoing reasons, it is **RECOMMENDED** that Johnson's petition for issuance of a writ of habeas corpus under 28 U.S.C. § 2254 be **DISMISSED WITH PREJUDICE** as time-barred.

---

[34]See Rec. Doc. No. 9-3, p.7.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  <u>Douglass v. United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[35]

New Orleans, Louisiana, this ___4th_____ day of December, 2014.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[35]<u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.